UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-60311-CIV-MARRA/SELTZER

ACCESS FOR THE DISABLED, INC.
and ROBERT COHEN,

      Plaintiffs,

v.

SAMUEL LEDER,

      Defendant.
_____/

REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court on Plaintiffs' Supplemental Motion for Attorney's Fees (DE 65) and Plaintiffs' Supplemental Applications for Attorney's Fees, Litigation Expenses and Costs (DE 51, 54, 68) and was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (DE 58).  Having carefully reviewed the briefed Motions and being otherwise sufficiently advised, the undersigned respectfully recommends that Plaintiffs' Motions be DENIED.

I.      BACKGROUND

Plaintiffs, Access for the Disabled, Inc. and Robert Cohen, filed this action pursuant to Title III of the Americans with Disabilities Act, 42 U. S. C. § 12181 et seq. ("ADA"), seeking injunctive relief from the Court to remove barriers to access at the Clock Restaurant.  See Complaint (DE 1).  On April 19, 2003, the parties entered into a Stipulated Settlement Agreement, whereby Defendant agreed to perform certain alterations and modifications to the property at issue and to pay Plaintiffs' counsel $11,625 in reasonable litigation expenses, costs, and attorney's fees.  See Stipulated Settlement

Agreement (DE 20 at Ex. 1).    The Stipulated Settlement Agreement also stated that it "shall be  interpreted and enforced in accordance with the American with Disabilities Act . . . and the Law of contract of the State of Florida."   Id. at ¶ 7 (DE 20 at Ex. 1).  The District Court approved the parties' Stipulation for Voluntary Dismissal and dismissed the action with prejudice; the District Court also retained jurisdiction to enforce the Settlement Agreement. See Order of Dismissal (DE 19).

On September 30, 2005, Plaintiffs filed a Motion for an Order to Show Cause Why Defendant Should Not be Held in Civil Contempt and Sanctioned for Failure to Comply with the Parties' Stipulated Settlement Agreement. See Motion (DE 20).  Specifically, Plaintiffs sought enforcement of the Settlement Agreement because Defendant had failed to complete the required alterations and modifications to the property.  See Motion (DE 20). Plaintiffs requested that the Court (1) ultimately hold Defendant in civil contempt; (2) close the property until Defendant complied with the terms of the Settlement Agreement; (3) fine Defendant; and (4) award Plaintiffs all additional legal fees and costs that have been incurred "as a result of Defendant's failure to make the required alterations and improvements." Id. at ¶23; see also Motion at 5-7 (DE 20).

On January 4, 2006, the District Court held a hearing on Plaintiffs' contempt and sanctions Motion and decided to stay the matter for 90 days to permit Plaintiffs to conduct discovery. See Order (DE 26).  On April 11, 2006, Plaintiffs moved to compel responses to February 24, 2006 Requests for Production and to compel Defendant's (previously cancelled) deposition. See Motion (DE 27).  On May 4, 2006, the Court granted Plaintiffs' motion to compel and directed Defendant to appear for deposition and to respond to all outstanding discovery on or before May 12, 2006.  See Order (DE 28).  Defendant,

however, failed to appear at his (May 12, 2006) rescheduled deposition or to respond to the discovery requests as ordered.  <u>See</u> Plaintiffs' Motion (DE 31).

On May 24, 2006, Plaintiffs essentially renewed their September 2005 contempt Motion.  <u>See</u> <u>id.</u>  Seeking the same relief previously requested, Plaintiffs (again) moved to hold Defendant in contempt and to sanction him for violating the Settlement Agreement and for (now) failing to abide by the Court's discovery order.  <u>See</u> <u>id.</u> at 4-5 (DE 31).   On August 8, 2006, the District Court granted Plaintiffs' Motion for Contempt and for Sanctions to the extent that it (1) found Defendant in contempt for failing to comply with the Settlement Agreement and the Court's May 4, 2006 Order to Compel; (2) ordered that "Defendant shall pay reasonable expenses, including attorney's fees, incurred by Plaintiffs in connection with Defendant's failure to comply with discovery"; and (3) imposed a conditional fine on Defendant of $100 per day for each day Defendant failed to complete his obligations under the Settlement Agreement. Order at 7 (DE 39).

On September 11, 2006, Plaintiffs filed a Verified Application for Attorneys' and Expert's Fees, Damages, Litigation Expenses and Costs (DE 40), to which Defendant responded (DE 47) and Plaintiffs replied (DE 50).  <u>See</u> Order of Reference (DE 43);<u>see</u> <u>also</u> Orders (DE 42, 44, 49)(granting extensions of time).  Following their initial application, Plaintiffs also filed a  Supplemental Fee Application (DE 51) (for time expended preparing and prosecuting the fee application to enforce settlement agreement).  Plaintiffs (at that time) sought a total award – fees, expenses, and costs incurred since the commencement of the enforcement proceedings[1] – of $24,816.14.  <u>See</u> Verified Applications (DE 40 and

_____

[1]  While Plaintiffs' initial Application suggested that the amount sought was for legal services performed since the commencement of the action, the billing records clarified that

3

51).  In response, Defendant challenged Plaintiffs' entitlement to those fees, as well as the reasonableness of the amount sought.  <u>See</u> Opposition (DE 47).

On January 31, 2007, the undersigned recommended that Plaintiffs be awarded $1,875 in attorney's fees and $81.95 in costs.  <u>See</u> Report and Recommendation (DE 52) (recommending an award of fees and costs for Defendant's discovery violations). On February 9, 2007, Plaintiffs filed their objections to the Report and Recommendation (DE 53), to which Defendant timely responded (DE 56).  On February 13, 2007, Plaintiffs filed their Second Supplemental Application for Attorney's Fees, Litigation Expenses, and Costs.  <u>See</u> Second Application (DE 54) (requesting an additional $4,175 in attorney's fees for time incurred reviewing, researching and drafting objections).

On June 14, 2007, the District Court approved and adopted in part the undersigned's Report and Recommendation regarding Plaintiffs' motion.  <u>See</u> Order (DE 58).  Specifically, the District Court ordered that "Plaintiffs shall be awarded fees and costs as detailed in the Report and Recommendations for Defendant's discovery violations." Order at 2 (DE 58) ("Magistrate Judge Seltzer correctly concluded that the this Court's order only awarded attorney's fees and costs . . .  for Defendant's discovery violations."). Further, after noting that "Plaintiffs raised a new basis for the recovery of attorney's fees, namely, that the stipulated agreement which was approved by the Court, acts as the equivalent of a consent decree and therefore entitles [Plaintiffs] to prevailing party status under the ADA," the District Court directed the undersigned to consider "whether Plaintiffs

---

only services from July 2005 forward were sought.  <u>See</u> Application at Ex. 1 and 2 (DE 40); <u>see also</u> Application (DE 40) and Settlement Agreement at ¶10 (undisputed that Plaintiffs have already received $11,625 in attorney's fees, costs, and expenses in 2003 per Stipulated Settlement Agreement).

are entitled to attorney's fees and costs for Defendant's noncompliance of the settlement agreement on any authorized basis other than the Court's order (DE 39), including the basis raised in Plaintiffs' objections."    Order at 2 (DE 58).    The District Court then remanded this matter to the undersigned to determine whether Plaintiffs are entitled to attorney's fees and costs incurred "in litigating Defendant's noncompliance with the settlement agreement," and, if so, the amount thereof. Id. (DE 58).

On August 1, 2007, the parties personally conferred in an attempt to resolve any issues as to entitlement and amount of attorney's fees and costs incurred by Plaintiffs in litigating Defendant's noncompliance with the settlement agreement.    See Joint Status Report (DE 63); see also Orders (DE 59 and 60) (ordering the parties to confer and to file a Joint Status Report).    In their Joint Status Report, the parties informed the Court that the "accommodation at issue in this matter, Clock Restaurant, has closed its operations." Joint Status Report (DE 63).    Additionally the parties, although unable to resolve any issues as to entitlement and amount, suggested a briefing schedule, which the undersigned then imposed. See Joint Status Report (DE 63); Order (DE 64).[2]

---

[2] The Court also denied Plaintiffs' request to impose sanctions against Defendant for failing to timely comply with the Court's June 19, 2007 Order (DE 59).  See Order (DE 64).  Initially, the Court ordered counsel for the parties to personally confer and to file a Joint Status Report detailing the outcome of this meeting on or before July 20, 2007.  See Order (DE 59).  After receiving counsel for Plaintiff's unilateral Joint Status Report (DE 60) on July 20, 2007, the Court enlarged the time for the parties to meet, confer, and file their Joint Status Report to August 6, 2007.  See Order Enlarging Time (DE 61).  At that time, the Court warned counsel for Defendant "that her failure to meet and confer with counsel for Plaintiffs may result in a finding of contempt of court and/or result in the imposition of sanctions."  Id. at 2 (DE 61).  On August 3, 2007, the Court received the parties' Joint Status Report evidencing defense counsel's (timely) compliance with the Court's Order. See Joint Status Report (DE 63).

Plaintiffs thereafter filed the instant Supplemental Motion (DE 65)[3]; Defendant has responded (DE 66), and Plaintiffs have replied (DE 69) thereto.  Following the instant motion, Plaintiffs also filed a Third Supplemental Fee Application.  See Supplemental Third Application (DE 68) (requesting an additional $4,250 in "fees on fees"); see also Opposition (DE 73).  In response, Defendant continues to challenge Plaintiffs' entitlement to the requested fees for litigating Defendant's noncompliance with the settlement agreement, as well as the reasonableness of the amounts sought.

II.    DISCUSSION

In the instant motions, Plaintiffs (again) seek fees, costs, and expenses – apparently now totaling $31,284.19[4] – incurred in enforcing the parties' April 2003 Stipulated Settlement Agreement.  See Verified Fee Applications (DE 40, 51, 54, 65, 68, 69).  Plaintiffs contend they should be awarded these fees in light of 42 U.S.C. § 12205, the parties' Stipulated Settlement Agreement, and the Court's contempt finding as to Defendant (as additional sanctions).  See  Applications/Motions (DE 40 and 65); see also Objections (DE 53).  The undersigned, however, disagrees.

---

[3]  In light of the District Court's Order (DE 58), the undersigned directed Plaintiffs to file  a supplemental motion and  supporting memorandum of law addressing whether they are entitled to attorney's fees and costs incurred "in litigating Defendant's noncompliance with the settlement agreement," and, if so, the amount thereof.  Order (DE 64); see also Order (DE 58).

[4]  This amount is composed of the requested fees, expenses, and costs incurred since the commencement of the enforcement proceedings, less the amount previously awarded by this Court for Defendant's discovery violations.  See Report and Recommendation (DE 52) (recommending an award of $1,875 in attorney's fees and $81.95 in costs Defendant's discovery violations); see also Order at 2 (DE 58) ("Plaintiff shall be awarded fees and costs as detailed in the Report and Recommendations for Defendant's discovery violations.").

A.    Entitlement to Attorney's Fees, Costs, and Expenses Pursuant to the Stipulated Settlement Agreement and the ADA Statute

As previously discussed, although Plaintiffs originally commenced this action pursuant to Title III of the ADA, the parties concluded this action by way of a Settlement Agreement.  See Complaint (DE 1); Order of Dismissal (DE 19); Stipulated Settlement Agreement (DE 20 at Ex. 1).  Here, Plaintiffs contend that the "stipulated agreement which was approved by the court, acts as the equivalent of a consent decree and therefore entitles them to prevailing party status under the ADA." Order at 2 (DE 58); see also Supplemental Motion (DE 65).  They then further contend that because "a prevailing party is entitled to the attorney's fees incurred in the post-judgment monitoring and enforcement of a consent decree or consent judgment . . . all attorney's fees, expenses and costs should be awarded [to the prevailing Plaintiffs], pursuant to 42 U.S.C. § 12205 [ADA Statute]."  Supplemental Motion at 4-5 (DE 65).

"The Eleventh Circuit treats settlement agreements as contracts and decides questions regarding settlements by looking at state law applicable to contracts in general." G.E.E.N. Corp. v. Southeast Toyota Distributors, Inc., No. 93-632-CIV-ORL-19, 1994 WL 695364, at*3 n.3 (M.D. Fla. 1994) (citing Blum v. Morgan Guaranty Trust Co. of N.Y., 709 F.2d 1463 (11th Cir. 1983)); see also Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987) ("A settlement agreement [executed in Florida] is a contract, and as such, its construction and enforcement is governed by principles of Florida general contract law."). The Court, therefore, must look to the language of the Settlement Agreement here to determine Plaintiffs' entitlement to fees and costs incurred in the enforcement of the Agreement.

7

Here, the parties' Settlement Agreement states that it "shall be interpreted and **enforced** in accordance with the American with Disabilities Act . . . **and** the laws of contract of the State of Florida."  Stipulated Settlement Agreement at ¶ 7 (DE 20 at Ex. 1) (emphasis added).  However, Florida contract law and the ADA are not entirely consistent on this point.

Florida law permits a contractually based award of attorney's fees where the language of the agreement unambiguously provides for the recovery of such fees.  <u>See</u> <u>e.g.</u>, <u>Sunshine Bottling Co. v. Tropicana Products, Inc.</u>, 757 So. 2d 1231, 1233 (Fla. 3d DCA 2000); <u>Sholkoff v. Boca Raton Cmty. Hosp., Inc.</u>, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997).  Here, the Settlement Agreement does not contain language authorizing the recovery of all the costs of enforcement.  <u>See</u> Stipulated Settlement Agreement at ¶10 (DE 20 at Ex. 1).  The Settlement Agreement provides: "Defendant shall pay Plaintiffs **a** reasonable amount representing their litigation expenses, costs, and attorneys fees in connection with this matter that are recoverable pursuant to 42 U.S.C. § 12205.  The Defendant shall pay Plaintiffs' counsel $11,625 . . . ." Stipulated Settlement Agreement at ¶10 (DE 20 at Ex. 1) (emphasis added).  Plaintiffs submit that this provision authorizes them to recover all fees subsequently incurred in enforcing the Agreement.  <u>See</u> Objections at 8 (DE 53); <u>see also</u> Motion (DE 65).  The undersigned does not agree.

The plain language of this provision provides that the $11,625 paid to Plaintiffs' counsel constitutes the described singular ("a") "reasonable **amount** representing [Plaintiffs'] litigation expenses, costs and attorneys fees in connection with this matter."

Had Plaintiffs' counsel[5] intended to provide here for the recovery of all enforcement costs, he could have easily done so.  Indeed, in other ADA cases, Plaintiffs' counsel apparently has included such an express "enforcement fees provision" in his settlement agreements. See e.g., Access for the Disabled, Inc. and Robert Cohn v. Management Group, Inc., 02-80453-Civ-Hurley (S.D. Fla.  September 25, 2006) (DE 66 and 90) (Plaintiff was entitled to reasonable fees and costs incurred in successfully enforcing November 2003 Stipulated Settlement Agreement because agreement expressly stated that "[i]n an action to enforce this Agreement, the prevailing party shall be entitled to their reasonable fees, expert fees, expenses and costs.") (emphasis added).[6]

But even if the undersigned were not guided by the "laws of contract,"[7] any award of fees (if any) to a prevailing party under the ADA would be discretionary only.  See 42 U.S.C. § 12205;[8] see also Tampa Bay Americans with Disabilities Ass'n, Inc. v. Nancy

---

[5] Plaintiffs' attorney states that he has been admitted to practice more than ten years.  See Plaintiffs' Verified Application at 5 (DE 40).  He avers that he has handled hundreds of Title III actions.  See id. (DE 40).

[6] Notably, the accommodation at issue in the instant case, as well as in  Access for the Disabled, Inc. and Robert Cohn v. Management Group, Inc., was the Clock Restaurant, albeit at different locations.

[7] Cf. Brother v. Int'l Beach Club Condo Ass'n, Inc., No. 6:03-CV-444-ORL28DAB, 2005 WL 102720, at *2 (M.D. Fla. April 28, 2005) ("Although Plaintiff argues at length regarding the laudable purposes of the ADA, at this point in the litigation, the ADA is all but irrelevant . . . [Plaintiff's] entitlement to attorney's fees and costs . . . arises from his acceptance of an Offer of Judgment, not from a Congressional grant.")

[8] Specifically, 42 U.S.C. § 12205 authorizes an award of reasonable attorney's fees, including litigation expenses and costs, to prevailing parties in ADA actions:

In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, **may** allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation

<u>Markoe Crafts Gallery, Inc.</u>, No. 8:06-CV-318-T-27MAP, 2007 WL 2066361, at *2 ("Attorney's fees and costs under 42 U.S.C. § 12205 are recoverable in the discretion of this Court."); <u>Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt.</u>, F. Supp. 2d 1272, 1286 (M.D. Fla. 2005) (noting that Congress granted "discretion to the district court to award or deny to a prevailing party a reasonable attorney's fee, litigation expenses, and costs."). Here, Plaintiffs received nearly $12,000 in attorney's fees, costs, and expenses since initially settling this case in April 2003; they also received approximately $2,000 in attorney's fees and costs for Defendant's discovery violations. <u>See</u> Settlement Agreement at ¶10 (DE 20); Report and Recommendation (DE 52); Order (DE 58).

The undersigned is mindful of the Supreme Court's admonition that an attorney's fee request should not result in a "second major litigation." <u>Hensley v. Eckerhart</u>, 461 U.S. 434, 437 (1983); <u>see Macort v. Checker Drive-In Restaurants, Inc.</u>, No. 8:03-CV-1328-T-30EAJ, 2005 WL 332422, at *1 (M.D. Fla. Jan. 28, 2005) (reiterating that the "purpose of the ADA is to ensure accessibility to public accommodations for disabled individuals, not to enrich attorneys" and emphasizing the discretionary nature of an ADA fee award); <u>Brother v. Tiger Partner, LLC</u>, 331 F. Supp. 2d 1368, 1375 (M.D. Fla. 2004) (commenting "that the means for enforcing the ADA [attorney's fees] have become more important and desirable than the end [accessibility for disabled individuals]"); <u>Brother v. Miami Hotel Investments, Ltd.</u>, 341 F. Supp.2d 1230, 1233 (S.D. Fla. 2004) (noting that laudatory purposes underlie the ADA and that the "Act was never intended to turn a lofty and salutary

---

expenses, and costs . . . .

42 U.S.C. § 12205 (emphasis added).

mission into a fee-generating mill. . .").  Accordingly, after applying "the laws of contract of

the State of Florida," and after exercising discretion "in accordance with the Americans with

Disabilities Act [42 U.S.C. § 12205]," the undersigned declines to recommend that Plaintiffs

recover yet additional fees, costs, and litigation expenses incurred enforcing the Settlement

Agreement.

      B.     <u>Entitlement  to Attorney's Fees, Costs, and Expenses as a Sanction</u>

      On August 8, 2006, the District Court, in granting Plaintiffs' Motion for Contempt and

for Sanctions, found Defendant in civil contempt for failing to comply with the Settlement

Agreement.  <u>See</u> Order at 7 (DE 39).  Plaintiffs contend that pursuant to this finding, "they

are entitled to attorney's fees and costs [incurred in enforcing the Settlement Agreement]

as a compensatory and/or coercive sanction."  Motion at 6 (DE 65).  The undersigned is

not persuaded.

      District Courts are afforded wide discretion in fashioning a remedy for civil contempt.

<u>See</u> <u>McGregor v. Chierico</u>, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000); <u>United States v. City</u>

<u>of Miami</u>, 195 F.3d 1292, 1298 (11th Cir. 1999).  Appropriate sanctions for civil contempt

include: (1) a coercive fine; (2) a compensatory fine; (3) attorney's fees and costs; and (4)

coercive incarceration.  <u>See</u> <u>Citronelle-Mobile Gathering, Inc. v. Watkins</u>, 943 F.2d 1297,

1304 (11th Cir. 1991).  This discretion, however, is not unfettered; sanctions may not be

any greater than necessary to ensure compliance.  <u>See</u> <u>id.</u>  ("Sanctions may be imposed

to coerce the contemnor to comply with the court's order, but may not be so excessive as

to be punitive in nature.").

      Here, in fashioning an equitable remedy for its civil contempt finding (against

Defendant), the District Court not only imposed a conditional fine against Defendant, but

also awarded Plaintiffs those fees and costs arising from Defendant's non-compliance with discovery.  See Order at 7 (DE 39).  The District Court could have, but did not, award fees and costs arising from Defendant's non-compliance with the Settlement Agreement.  See id. (DE 39).  Indeed, Plaintiffs had requested that the District Court award them all additional legal fees and costs incurred "as a result of Defendant's failure to make the required alternations and improvements." Motion at ¶23 (DE 20); see also Motion (DE 31).  Yet, the District Court expressly limited the fees to those arising from Defendant's non-compliance with discovery.  See Order at 7 (DE 39).  The undersigned is constrained by the plain language of the Order (DE 39).   The undersigned cannot enlarge the basis upon which fees can be awarded beyond that which the District Court expressly authorized.

Furthermore, with respect to the conditional fine imposed, the District Court ordered Defendant to pay $100 per day for each day he failed to fulfill his obligations under the Settlement Agreement.  See Order at 7 (DE 39).[9]  Plaintiffs recently moved the District Court to award them $29,600 in sanctions arising from this conditional fine.  See Motion for Entry of Judgment  (DE 67).[10]  Awarding yet an additional sanction – composed of attorney's fees, costs, and litigation expenses – for Defendant's noncompliance with the Settlement Agreement would arguably be "so excessive as to be punitive in nature."

---

[9]  The District Court further held that "Defendant may purge himself of the contempt by complying with all of his obligations under the Settlement Agreement.  Once he purges himself of the contempt, the fine imposed by the Order shall cease accruing."  Order at 7 (DE 39).

[10]  The accommodation at issue in this matter – the Clock Restaurant – closed its operations as of May 31, 2007, and the parties have stipulated that the "sanctions against Defendant should be abated as of May 31, 2007 unless and until the accommodation is re-opened."  Joint Status Report at ¶ 2-3 (DE 63).

Citronelle-Mobile, 943 F.2d at 1304.   Accordingly, the undersigned recommends that

Plaintiffs not receive the additional fees requested on the basis of the contempt finding.

III.    RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that:

1.    Plaintiffs' Supplemental Motion for Attorney's Fees (DE 65) be DENIED; and

2.    Plaintiffs' Supplemental Applications for Attorney's Fees, Litigation Expenses

and Costs (DE 51, 54, 68) be DENIED.

The parties will have ten (10) days from the date of being served with a copy of this

Report and Recommendation within which to file written objections, if any, with the

Honorable Kenneth A. Marra, United States District Judge.  Failure to file objections timely

shall bar the parties from a de novo determination by the District Judge of an issue covered

in the report and shall bar the parties from attacking on appeal factual findings accepted

or adopted by the District Court except upon grounds of plain error or manifest injustice.

See 28 U.S.C. § 636(b)(1); Thomas v. An, 474 U.S. 140, 149 (1985); Henley v. Johnson,

885 F.2d 790, 794 (11th Cir. 1989).

DONE AND SUBMITTED in Fort Lauderdale, Florida, this 29th day of November
2007.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable Kenneth A. Marra
United States District Judge

All Counsel of Record