UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 02-60311-CIV-MARRA/SELTZER

ACCESS FOR THE DISABLED, INC.,
and ROBERT COHEN,

    Plaintiffs,

v.

SAMUEL LEDER,

    Defendant.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND ORDER OF REFERENCE

THIS CAUSE is before the Court on Plaintiffs' Supplemental Motion for Attorney's Fees (DE 65) and Plaintiffs' Supplemental Applications for Attorney's Fees, Litigation Expenses and Costs (DE 51, 54, 68). These motions were referred to Magistrate Judge Barry S. Seltzer pursuant to 28 U.S.C. § 636. Magistrate Judge Seltzer prepared his Report and Recommendation (DE 75) to which Plaintiffs have filed Objections (DE 76). The Court has carefully considered the Report, the Objections, and the record as a whole and is otherwise fully advised in the premises.

Magistrate Judge Seltzer's Report details the facts surrounding the instant motions. *See Access for the Disabled v. Leder*, No. 02-60311, slip op. at 1-6 (S.D. Fla. Nov. 29, 2007). The Court adopts his recitation of the facts and incorporates them by reference into this Order. In brief, however, the facts are as follows: the parties entered into a settlement agreement in 2003.

1

Consistent with the settlement agreement, the parties submitted a stipulation for dismissal for approval by the Court.  The Court approved the stipulation for dismissal and retained jurisdiction to enforce the terms of the Settlement Agreement.  Two years later, Plaintiffs sought enforcement of the agreement's terms.  The Court concluded that Defendant was in violation of the terms of the Settlement Agreement and was thus held in civil contempt.  Plaintiffs now seek fees and costs associated with seeking judicial enforcement of the Settlement Agreement.

Pursuant to 28 U.S.C. § 636(b)(1), this Court shall conduct a de novo review of the sections of the Magistrate Judge's Report and Recommendation to which objections have been filed.  Further, § 636(b)(1) specifies that the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  The Court has the further obligation to review the Magistrate Judge's conclusions of law de novo.  *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Merritt v. International Brotherhood of Boilermakers*, 649. F.2d 1013, 1017 (5th Cir. 1981).[1]

This case, though it originated as an action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, ended with the Settlement Agreement between the parties. The Magistrate Judge concluded that Plaintiffs were only entitled to attorney's fees, costs, and expenses related to enforcement of that Settlement Agreement if the language of the agreement, as interpreted under Florida law, permitted.  The Magistrate Judge further held that fees under the ADA are entirely discretionary, so that if the language of the settlement agreement controlled, the Court would be under no obligation to award fees.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

After a review of the controlling authorities, this Court respectfully disagrees. The Magistrate Judge was correct insofar as he recited the long-recognized rule that the "construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Florida Education Association, Inc. v. Atkinson*, 481 F.2d 662, 663 (5th Cir. 1973). Nevertheless, this case does not implicate the construction of the terms of the agreement. It is not disputed that Defendant violated the agreement. Rather, this case raises the question of what is the legal effect of the Court's approval of a settlement agreement and reservation of jurisdiction to enforce it.

In dismissing this case, the Court retained jurisdiction "for purposes of enforcing the settlement agreement." (DE 19.) In other words, the terms of the settlement became embodied in the Court's Order. A failure to abide by those terms is, in essence, a violation of this Court's Order. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994). By retaining jurisdiction to enforce the settlement agreement, the agreement is more than a contract between the parties – it becomes a judicial act. *United States v. Swift & Co.*, 286 U.S. 106, 115 (1932) ("We reject the argument for the interveners that a decree entered upon consent is to be treated as a contract and not as a judicial act."). As such, the Court agrees with Plaintiff that the settlement agreement should be viewed as a consent decree, not merely as a settlement contract without any judicial imprimatur. As the Eleventh Circuit has stated, where a court has retained jurisdiction to enforce a settlement agreement in an order dismissing a case, "[T]he district court's explicit. . .retention of jurisdiction to enforce [the] terms [of the settlement agreement is] the functional equivalent of a consent decree. . . . The formal entry of a consent decree was wholly unnecessary . . . . Rather, by approving the settlement agreement and then expressly

3

retaining jurisdiction to enforce its terms, the district court effected precisely the same result as would have been achieved pursuant to a consent decree." *American Disability Ass'n Inc. v. Chmielarz*, 289 F.3d 1315, 1319 n.2, 1321 (11th Cir. 2002).

Further, the Court agrees with Plaintiffs that a prevailing party can be awarded attorney's fees for activities related to post-judgment enforcement of a consent decree. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986) (holding that given the "common purpose" behind the Civil Rights Attorney's Fees Awards Act of 1976 and the attorney's fees provision of the Clean Air Act of promoting citizen enforcement of federal policy, a prevailing litigant seeking to enforce a consent decree may be awarded attorney's fees). The policy behind allowing attorney's fees under the ADA is the same as that policy considered by the Supreme Court in *Delaware Valley* – allowing citizens the wherewithal to enforce important federal policy goals. *See Bruce v. City of Gainesville*, 177 F.3d 949, 952 (11th Cir. 1999).

As for Plaintiffs' entitlement to fees under the ADA, the Magistrate Judge held that such fees are discretionary, quoting the language of 42 U.S.C. § 12205 which states that the court "may" allow fees to be awarded to the prevailing party. This conclusion overlooks the Eleventh Circuit's holding in *Bruce*. In that case, the court held that the standard applied by the Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), for assessment of attorney's fees in Title VII cases, also applies to the ADA. *Bruce*, 177 F.3d at 952. In *Christiansburg*, the Supreme Court stated that "a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." *Christiansburg*, 434 U.S. at 417. Thus, if the plaintiff prevails in a case, and the court finds no "special circumstances," a plaintiff should be awarded attorney's fees. *Bruce*, 177 F.3d at 952; *West v. Town of Jupiter Island*, 146 F. Supp. 2d

4

1302, 1303 (S.D. Fla. 2001).

Plaintiffs here meet the definition of "prevailing parties" as established by the Supreme Court in *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."). It is clear, both from the obligations imposed on Defendant in the Settlement Agreement and Plaintiffs' success in seeking sanctions to enforce the Settlement Agreement, that Plaintiffs are "prevailing parties." The legal relationship between the parties has been materially altered by this Court's actions thus justifying an award of fees and costs to the prevailing party. *See Chmielarz*, 289 F.3d at 1319-21.

The "special circumstances" exception allows a court to deny a prevailing party attorney's fees and costs where circumstances would render an award of fees and costs unfair or unjust. *Martin v. Heckler*, 773 F.2d 1145, 1149 (11th Cir. 1985). Defendants have the burden of proving (through a "strong showing") the existence of any "special circumstances" making attorney's fees unfair. *Id.* at 1150. The primary inquiry is whether a plaintiff's action was one that Congress intended to encourage when it created the attorney's fee provision. *Id.* "Where parties prevail in vindicating important rights, but receive little or no financial benefit as a result of that litigation, it was considered unfair for those parties to bear their own attorney's fees." *Id.* at 1150-51.

In this case, Defendant has not attempted to cite any "special circumstances" that would make an award of fees to Plaintiffs unfair or unreasonable. Plaintiffs may receive a financial benefit from the action to enforce the settlement agreement in the form of the monetary sanctions levied against Defendant. This Court sanctioned Defendant $100 per day for each day that

Defendant fails to carry out his obligations under the Settlement Agreement (DE 39). However, the fact that Plaintiffs may receive this money does not limit their ability to receive attorney's fees in this case. The sanctions were imposed, not as an award to benefit Plaintiffs, but as a coercive measure to encourage Defendant's compliance with his legal obligations. Thus, the Court believes that Plaintiffs' action to enforce the Settlement Agreement is one that Congress intended to encourage, and as such, an award of attorney's fees is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation (DE 75) is **REJECTED IN PART** and Plaintiffs' Supplemental Motion for Attorney's Fees (DE 65) is **GRANTED IN PART**. Plaintiffs are entitled to fees, costs, and expenses pursuant to 42 U.S.C. § 12205. Plaintiffs' Supplemental Motions for Attorney's Fees (DE 51, 54, and 68) are **GRANTED**, but the Court reserves ruling on the exact amount due to Plaintiff under those motions.

2. The Magistrate Judge's Report and Recommendation (DE 75) is **ADOPTED IN PART** and Plaintiffs' Supplemental Motion for Attorney's Fees (DE 65) is **DENIED IN PART**. Plaintiffs are not entitled to fees, costs, and expenses as a sanction for Defendant's noncompliance with the Settlement Agreement.

3. This matter is **REMANDED** to Magistrate Judge Barry S. Seltzer to determine the amount of fees and costs due to Plaintiffs.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of March, 2008.

Copies furnished to:
Magistrate Judge Barry S. Seltzer
All counsel of record

KENNETH A. MARRA
United States District Judge