UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 02-60311-CIV-MARRA/SELTZER

ACCESS FOR THE DISABLED, INC.,
ROBERT COHEN,

    Plaintiffs,

v.

SAMUEL LEDER,

    Defendant.
_____/

**OPINION AND ORDER DENYING RELIEF FROM ORDER OF CONTEMPT**

THIS CAUSE comes before the Court on Defendant's Request for Relief Pursuant to Rule 60(b) from Order Dated March 6, 2008 (DE 81), filed April 7, 2008.  The motion is now fully briefed and is ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendant Samuel Leder ("Defendant") seeks a reduction in the civil contempt fine the Court ordered Defendant to pay "based upon the Defendant (sic) diligent efforts to comply expeditiously with this Court's Order and the time delays resulting from the actions of the permitting authorities that were not within the Defendant's control."  (DE 81 at 1-2.)  Defendant then lists several allegations regarding steps it took to comply with the settlement agreement and purge itself of the order of contempt.  Defendant believes that relief is warranted under Rule 60(b)(6).

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows the Court, "[o]n motion and

1

just terms," to relieve a party from an order or a final judgment for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) is to be given "a liberal and remedial construction." *Nisson v. Lundy*, 975 F.2d 802, 807 (11th Cir. 1992). Nevertheless, Rule 60(b)(6) is an "extraordinary remedy" which can only be granted under "exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). A party "cannot prevail [under the rule] simply because the district court properly could have vacated its order." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). To obtain relief under Rule 60(b)(6), the moving party "must demonstrate a justification so compelling that the court [is] required to vacate its order." *Id.*

The Court is unpersuaded by Defendant's arguments in favor of relief. The parties reached a settlement agreement and voluntarily dismissed this case in April 2003. More than two years later, in September 2005, Plaintiffs moved the Court to hold Defendant in contempt for failure to comply with the settlement agreement. Then, another eleven months elapsed before Defendant was finally held in contempt and sanctioned, in August 2006. (DE 39.) Defendant had the benefit of more than three years to comply with the settlement agreement prior to the Court's imposition of contempt fines. Further, the Court has previously found (and continues to find) Defendant's explanations for his noncompliance utterly unavailing. (*See* DE 39 at 5-6.) As the Court has already stated, "The terms of the Settlement Agreement are clear – Defendant agreed to make certain changes to the Facility by December 19, 2003, in exchange for Plaintiffs' voluntarily dismissing their claims against him." (DE 39 at 6.) Defendant failed to comply, and the Court retained jurisdiction to enforce the settlement through its contempt powers.

Defendant has been well-aware of his obligation since April 2003, and the Court made

2

clear in its Order how Defendant could purge himself of contempt. Defendant was given plenty of time to comply without the imposition of sanctions. The *only* reason Defendant no longer remains in contempt is because the Clock Restaurant has closed, not because Defendant has actually complied with his obligations under the settlement.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Request for Relief Pursuant to Rule 60(b) from Order Dated March 6, 2008, is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of July, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record